**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**In Re: R.G.**

**No. 12-0613** (Tucker County 09-G-2)

**FILED**

**June 10, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner W.G.[1], *pro se*, appeals the Circuit Court of Tucker County's order entered April 25, 2012, removing A.G. as conservator and guardian of R.G., naming Roxanne Tuesing as conservator and guardian of R.G., ordering that some of R.G.'s property be sold or disposed of, and denying several objections by petitioner and A.G. Ms. Tuesing, through counsel Janet D. Preston, filed a response in support of the circuit court's order. R.G.'s guardian ad litem, Alexandria A. Solomon, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner W.G. is the brother of R.G., the protected person, and A.G., R.G.'s guardian prior to the action at bar. R.G. suffers from several emotional and mental conditions and was living with his mother in 2009. In September of 2009, R.G. was in a car accident in which his mother was killed. In January of 2010, R.G.'s brother, A.G., who lives in Massachusetts and Maryland, was appointed the guardian and conservator for R.G. In July of 2010, R.G. was moved from the home he owns to a home purchased by A.G., who used some of R.G.'s funds to pay for part of the purchase price and renovations to the home. Additionally, A.G. charged R.G. rent to live there. A.G. never sought the court's permission to utilize R.G.'s funds in this manner.

In January of 2012, Roxanne Tuesing petitioned to be R.G.'s guardian and conservator. Ms. Tuesing knows R.G. through his contact with her at the Tucker County Senior Center where she works. The center provides R.G. housekeeping services, he visits the center from time to time, and the center helps scheduling doctors' appointments and with meals. Petitioner was not a party to the action, therefore he was not notified of the hearing in January of 2012 regarding Ms. Tuesing's petition, and was not present. The circuit court removed A.G. as guardian and conservator and appointed Ms. Tuesing guardian and conservator.

---

[1] Because this matter concerns a protected person, we follow our traditional practice in cases involving sensitive facts and use only the initials of the protected person, R.G., and his brothers, A.G. and W.G. *See State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

In April of 2012, the circuit court held a hearing regarding several motions and objections, including petitioner's motions objecting to Ms. Tuesing's eligibility and qualifications, petitioner's certified question regarding Ms. Tuesing's eligibility, and petitioner's motion to stay the proceedings. The circuit court also considered motions by Ms. Tuesing to approve change of placement for R.G., permission to sell and dispose of personal property R.G. owned, and permission to sell real estate R.G. owned , as well as A.G.'s claims for costs and expenses. The circuit court granted the motions to sell R.G.'s property and to change placement for R.G. In granting the change of placement, the court found that, while Ms. Tuesing's daughter is the landlord for the apartment R.G. was approved to move into, the rent is more reasonable than other similar apartments in the area, the location is convenient and offered R.G. socialization opportunities, and that Ms. Tuesing herself would not benefit financially. The circuit court denied A.G.'s attorney's motion for attorney's fees and granted A.G. expenses up to $6,500. Petitioner's objections were all denied.

On appeal, petitioner alleges the circuit court erred in the five following ways: (1) in denying his petition for a certified question that Ms. Tuesing is not qualified for the position, (2) in finding that respondent had knowledge of Ms. Tuesing's petitions for removal of guardian and for appointment of a successor guardian, (3) in admitting the testimony of Dr. Susan A. Schmitt, (4) in signing an order on March 3, 2012, regarding West Virginia Code § 44A-2-15, and (5) in signing an order dated April 25, 2012, misrepresenting facts testified to regarding banking services that Tucker County Senior Center provided. The first and fifth assignments of error relate to whether Ms. Tuesing is qualified to be the guardian and conservator. Petitioner argues that Ms. Tuesing's agency is providing "substantial services" to R.G. and thus she is disqualified from serving as R.G.'s guardian or conservator under West Virginia Code § 44A-1-8(a). Petitioner argues that Ms. Tuesing is disqualified specifically because the senior center provides cleaning services for R.G., Ms. Tuesing's daughter benefits financially from R.G.'s living arrangement, and the senior center holds cash in an envelope for R.G. to use when he requests it. Petitioner also argues that his due process rights were violated when he did not receive proper notice of the guardianship proceedings, and that the court improperly found that he had knowledge of the proceedings. Petitioner argues that R.G. had unlawfully undergone medical examinations by Dr. Schmitt, and the circuit court erred in relying on her testimony that A.G. caused some of R.G.'s anxiety. Finally, petitioner argues that he did not receive service prior to March 2, 2012, and that the order entered on that date erred in stating that he would "continue" to receive notice.

The standard of review applicable in this Court's review of the final Order entered in this matter is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

2

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. A guardian or conservator "may not be employed by or affiliated with any public agency, entity or facility that is providing substantial services or financial assistance to the protected person." W. Va. Code § 44A-1-8(a). The circuit court was not clearly erroneous in finding that the services the Tucker County Senior Center provided for R.G., described above, were not "substantial," nor was holding his money for him "financial support" pursuant to West Virginia Code § 44A-1-8(a). Therefore, Ms. Tuesing was not disqualified from service. Further, the circuit court properly determined that petitioner was not entitled to notice because notice to a sibling is only required under West Virginia Code § 44A-2-2 and 44A-2-15 if no children or spouse exist, and notice was given to petitioner as soon as an address for him was supplied. Finally, petitioner's assertion that Dr. Schmitt improperly treated R.G. is unfounded, because a "protected person has a right to an independent expert of his or her own choice to perform an evaluation and present evidence." W. Va. Code § 44A-2-7(d). Petitioner also cites no authority for his contention that the treatment was unlawful. We find no error in the circuit court's holdings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 10, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II